## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TURN OF THE CENTURY SOLUTION, L.P.,           )
                                              )
            Plaintiff,                        )
                                              )    C.A. No. 05-816-SLR
      v.                                      )
                                              )    **JURY TRIAL DEMANDED**
INTERNATIONAL RECTIFIER CORPORATION,          )
                                              )
            Defendant.                        )

### ANSWER TO COMPLAINT

Defendant International Rectifier Corporation ("IR"), in response to the "Complaint for Patent Infringement" ("Complaint") filed by plaintiff Turn of the Century Solution, L.P. ("TOCS"), hereby admits, denies and avers as follows:

1.    IR is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 1 of the Complaint and, therefore, denies them.

2.    IR admits the averments of Paragraph 2 of the Complaint.

3.    IR admits the averments of Paragraph 3 of the Complaint.

4.    In responding to Paragraph 7 [*sic.*] of the Complaint, IR admits that U.S. Patent No. 5,600,836 (the "'836 patent") titled "System And Method For Processing Date-Dependent Information Which Spans One Or Two Centuries" issued on February 4, 1997; that a copy of the '836 patent was attached as Exhibit A to the copy of the Complaint delivered to IR; and that the assignee listed on the face of the patent is "Turn of the Century Solutions, Inc." Except as expressly admitted, IR denies each and every averment of Paragraph 7 [*sic.*] of the Complaint.

5.    In responding to Paragraph 8 [*sic.*] of the Complaint, IR admits that U.S. Patent No. 5,835,909 (the "'909 patent") titled "System And Method For Processing Date-Dependent

Information Which Spans One Or Two Centuries" issued on November 10, 1998; that a copy of the '909 patent was attached as Exhibit A to the copy of the Complaint delivered to IR; and that the assignee listed on the face of the patent is "Turn of the Century Solutions, L.P." Except as expressly admitted, IR denies each and every averment of Paragraph 8 [*sic.*] of the Complaint.

6.    IR denies each and every averment of Paragraphs 9, 10 and 11 [*sic.*] of the Complaint, and specifically denies that it has infringed and is infringing the asserted patents, and denies that TOCS has been and is being injured by any conduct of IR.

## GENERAL DENIAL

7.    IR denies any and all averments of the Complaint not specifically admitted or denied hereinabove.

## DEFENSES

8.    Without shifting the burden of proof, which lies with TOCS, IR avers that the Complaint, and, separately, each count thereof, fails to allege facts sufficient to state a claim on which relief may be granted.

9.    Venue in this District is prejudicial and inconvenient and the case should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a).

10.    Without shifting the burden of proof, which lies with TOCS, IR avers, separately as to each of the patents at issue, that TOCS is not an assignee of (and does not otherwise have sufficient interest in) some or all of the asserted patent rights and, therefore, lacks standing to sue for some or all of the relief requested.

11.    Without shifting the burden of proof, which lies with TOCS, IR avers that it has not infringed, is not infringing and is not liable for infringement of any valid and enforceable claim of any of the patents at issue.

12.    The claims of the patents at issue are invalid for failure to comply with the requirements and conditions of the patent laws, Title 35 of the United States Code, including, but not limited to, the requirements and conditions for patentability set forth in 35 U.S.C. §§ 102, 103 and 112.

13.    Without shifting the burden of proof, which lies with TOCS, IR avers that any assignments of the patents in suit to TOCS and to its predecessors in interest were not in writing as required by 35 U.S.C. § 261.

14.    Without shifting the burden of proof, which lies with TOCS, IR avers that the Complaint, and, separately, each count thereof, fails to plead, and that TOCS cannot carry its burden to prove, compliance with, or an exception to, the notice requirements of the patent laws, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. § 287, and, therefore, separately as to each of the patents at issue, that alleged damages, if any, predating TOCS's assertion of that patent against IR in this action are not recoverable by TOCS.

15.    Without shifting the burden of proof, which lies with TOCS, IR avers, separately as to each patent at issue, that TOCS's remedies, if any, are barred or limited by 35 U.S.C. § 287(b).

## PRAYER FOR RELIEF

Wherefore, IR prays for a judgment as follows:

1.    That TOCS take nothing and be granted no relief;

2.    That TOCS's alleged claims for relief, and each of them, be dismissed with prejudice;

3.    That IR be awarded its attorneys' fees pursuant to 35 U.S.C. § 285 by reason of TOCS's misconduct causing this to be an "exceptional case";

4.    That IR be awarded its costs; and

5.    That IR be awarded such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Glenn W. Trost
WHITE & CASE LLP
633 West Fifth Street, Suite 1900
Los Angeles, California  90071
(213) 620-7700

Dated:  February 28, 2006
721534/29801

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (No. 2246)
    Kenneth L. Dorsney (No. 3726)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19801
    (302) 984-6000
    rhorwitz@potteranderson.com
    kdorsney@potteranderson.com

*Counsel for Defendant International Rectifier Corporation*

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on February 28, 2006, the attached document

was hand delivered to the following persons and was electronically filed with the Clerk of the

Court using CM/ECF which will send notification of such filing(s) to the following and the

document is available for viewing and downloading from CM/ECF:

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

I hereby certify that on February 28, 2006, I have Electronically Mailed the documents to

the following non-registered participants:

Gary A. Rosen
Patrick Madamba, Jr.
Law Offices of Gary A. Rosen, P.C.
1831 Chestnut Street
Suite 802
Philadelphia, PA 19103
pmadamba@logarpc.com
grosen@logarpc.com

By: /s/ Richard L. Horwitz
Richard L. Horwitz
Kenneth L. Dorsney
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

718549