IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TURN OF THE CENTURY SOLUTION, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-816-SLR |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| INTERNATIONAL RECTIFIER CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPENING BRIEF OF DEFENDANT INTERNATIONAL RECTIFIER
CORPORATION IN SUPPORT OF ITS MOTION TO TRANSFER**

OF COUNSEL:

Glenn W. Trost
Nancy C. Morgan
WHITE & CASE LLP
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
(213) 620-7700
gtrost@whitecase.com
nmorgan@whitecase.com

Dated: March 3, 2006

Richard L. Horwitz (No. 2246)
Kenneth L. Dorsney (No. 3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Counsel for Defendant International Rectifier
Corporation*

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF PROCEEDING ............................................................... 1
II.   SUMMARY OF ARGUMENT ............................................................................... 1
III.  STATEMENT OF FACTS ..................................................................................... 1
IV.   Transfer Under Section 1404(a) Is Appropriate ............................................ 3
      A.   Standard of Review. ............................................................................... 3
      B.   The Private And Public Factors Favor Transfer To The Central
           District of California. ............................................................................. 5
           1.   Plaintiff Has No Connection To Delaware. ................................... 5
           2.   IR Cannot Compel Key Witnesses To Testify In
                Delaware. ......................................................................................... 5
           3.   The Remaining Factors Weigh In Favor Of Transfer. ................. 6
V.    CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Assymetrix, Inc. v. Synteni, Inc.,*
  28 F. Supp. 2d 192 (D. Del. 1998) ............................................................................ 5

*C.R. Bard, Inc. v. Guidant Corp.,*
  997 F. Supp. 556 (D. Del. 1998) ................................................................................ 5

*Clopay Corp. v. Newell Companies, Inc.,*
  527 F. Supp. 733 (D. Del. 1981) ................................................................................ 3

*In re Disaster at Riyadh Airport, Saudi Arabia, on August 19, 1980,*
  540 F. Supp. 1141 (D.D.C. 1982) .............................................................................. 7

*Fogel v. Wolfgang,*
  48 F.R.D. 286 (S.D.N.Y. 1969) .................................................................................. 5

*Fourco Glass Co. v. Transmirra Corp.,*
  353 U.S. 222, 77 S. Ct. 787 (1957) ............................................................................ 3

*Gross v. Owen,*
  221 F.2d 94 (D.C. Cir. 1955) ..................................................................................... 7

*Gulf Oil Corp. v. Gilbert,*
  330 U.S. 501, 67 S. Ct. 839 (1947) ............................................................................ 6

*IKOS Sys., Inc. v. Cadence Design Sys., Inc.,*
  C.A. No. 02-1335-GMS, 2002 WL 31414136 (D. Del. Oct. 21, 2002) .................... 6

*Jumara v. State Farm Ins. Co.,*
  55 F.3d 873 (3d Cir. 1995) ......................................................................................... 4

*Matt v. Baxter Healtcare Corp.,*
  74 F. Supp. 2d 467 (E.D. Pa. 1999) ............................................................................ 5

*Original Creatine Patent Co. v. Kaizen, Inc.,*
  C.A. No. 02-471-SLR, 2003 WL 179996 (D. Del. Jan. 22, 2003) ............................ 8

*Pennwalt Corp. v. Purex Industries, Inc.,*
  659 F. Supp. 287 (D. Del. 1986) ............................................................................ 5, 6

*Piper Aircraft Co. v. Reyno,*
  454 U.S. 235, 102 S. Ct. 252 (1981) .......................................................................... 6

*Ricoh Co. v. Aeroflex, Inc.,*
  279 F. Supp. 2d 554 (D. Del. 2003) ........................................................................... 7

*Teknekron Software Systems, Inc. v. Cornell University,*
  Civ. No. 93-20122 SW, 1993 WL 215024 (N.D.Cal. June 14, 1993) ....................... 8

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................ 3, 4

28 U.S.C. § 1404(a) ................................................................................................ 1, 4

I.   **NATURE AND STAGE OF PROCEEDING**

Plaintiff, Turn of the Century Solution, L.P. ("TOCS"), initiated this action for patent infringement on November 29, 2005. (D.I. 1.) Defendant, International Rectifier Corporation ("IR"), answered plaintiff's Complaint on February 28, 2006, preserving the issue now raised in this motion in its defense. (D.I. 6 ¶ 9.) There is no Scheduling Order in place and the parties have propounded no discovery. Presently before the Court is IR's Motion to Transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

II.   **SUMMARY OF ARGUMENT**

The plaintiff (a Pennsylvania limited partnership with its place of business in Pennsylvania) has chosen a forum to which it has no connection as part of a strategy to extract an unjustified license fee (the demanded amount being a small fraction of the amount it will cost to defend the action) even though there is no reasonable basis for asserting that the defendant uses the patented invention. Although the defendant is a Delaware corporation, it has no office or employees in Delaware, and its headquarters and all of the alleged infringing activities are in El Segundo, Los Angeles County, California. All of the witnesses to the defendant's non-infringement live and work in Southern California, and at least two of those key witnesses are not currently employees of the defendant. Thus, plaintiff's choice of forum will unfairly prejudice defendant's ability to present its non-infringement defense. Transfer under 28 U.S.C. § 1404(a) to the Central District of California, where all alleged infringement occurred and all the key witnesses live and work, is appropriate.

III.   **STATEMENT OF FACTS**

This case is a follow-on action from a suit litigated to judgment in the state courts in Los Angeles, California. In that prior action, *Anthony Sneed v. Niel Armstrong and International Rectifier Corporation*, Los Angeles County Superior Court Case No. BC

296142, plaintiff Sneed sued IR and one of its employees for breach of a Non-Disclosure Agreement based on IR's supposed use of Sneed's Y2K fix. IR defended the case by, *inter alia*, showing that its Y2K remediation was in the public domain – among other places, it was described as a previously known technique in the Harvey Alter patents now being asserted in this case. (Declaration of Glenn W. Trost ("Trost Decl.") ¶¶ 3, 4.)

Failing to draw the distinction between what a patent *discloses* and what it *claims*, Sneed apparently informed the plaintiff in this case (which asserts that it is the assignee of the Alter patents) that IR had conceded in the *Sneed* lawsuit its infringement of those patents. Based on that mis-information, TOCS sent a letter to IR asserting that IR infringed the Alter patents and demanding a license fee of $200,000. (Trost Decl. ¶ 8; Exhibit A.) IR responded by pointing out that TOCS was misinformed – in particular, that IR did what the Alter patents described as prior art, not what the Alter patents claimed as a patentable invention. (Trost Decl. ¶ 9; Exhibit B.) Notably, moreover, the $200,000 license fee initially demanded by TOCS was far less than the cost of prosecuting or defending a lawsuit such as this one. (Trost Decl. ¶ 8.)

TOCS made no response to this showing of IR's non-infringement. Instead, after doing nothing for more than a year, TOCS commenced this suit. (Trost Decl. ¶ 10.)

All of the activities accused of infringement in this case occurred at IR's main offices in El Segundo, California. (Trost Decl. ¶¶ 5, 11.) The following four witnesses testified about IR's Y2K remediation at trial in the *Sneed* case, and they will also be the witnesses who are percipient to the facts showing non-infringement in this case (Trost Decl. ¶ 6):

- Niel Armstrong. Mr. Armstrong lives in Southern California. Although he was an IR manager in El Segundo, California, at the time of the events in question, Mr. Armstrong has since left the Company. Mr. Armstrong was the decision-maker within the company and testified in the *Sneed* trial about the reasons for his decision, IR's relevant decision-making process, and the Y2K remediation technique ultimately

2

implemented by IR. As the decision-maker, only Mr. Armstrong can testify concerning the reasons for his decision.

- <u>Chris Casey</u>. Mr. Casey lives in Southern California and works at IR's headquarters in El Segundo, California. Mr. Casey testified in the *Sneed* trial about the details of IR's remediation technique and the conversion schedule for IR's remediated computers.

- <u>Greg Holmes</u>. Mr. Holmes lives in Southern California; he was never an IR employee, but rather was an outside consultant who worked on the Y2K remediation project in El Segundo, California. Mr. Holmes was subpoenaed and testified in the *Sneed* trial that IR implemented a public-domain remediation technique.

- <u>Joaquin Garcia</u>. Mr. Garcia lives in Southern California. Although he has since been hired by the company, he was not an IR employee when he testified or at the time of the events in question, but rather was an outside consultant who worked on the Y2K remediation project in El Segundo, California. Mr. Garcia was subpoenaed and testified in the *Sneed* trial that IR implemented a public-domain remediation technique.

Thus, all of the witnesses who testified as percipient witnesses in the *Sneed* trial about IR's Y2K remediation live and work in Southern California, and two of the four are not now even IR employees. Those two key witnesses can be compelled to testify in this case only pursuant to subpoena in California.

## IV. TRANSFER UNDER SECTION 1404(a) IS APPROPRIATE
### A. *Standard of Review.*

Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b). *Clopay Corp. v. Newell Companies, Inc.*, 527 F. Supp. 733, 736 (D. Del. 1981), *citing Fourco Glass Co. v. Transmirra Corp.*, 353 U.S. 222, 229, 77 S. Ct. 787, 792 (1957). Under this statute, an action for patent infringement may be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has

3

a regular and established place of business." 28 U.S.C. § 1400(b). Although as a Delaware corporation IR is a resident of Delaware for purposes of Section 1400(b), IR's connection with Delaware ends there – IR's regular and established place of business is in El Segundo, California, which is also the only place where the acts giving rise to this action (IR's use of its remediated IBM A/S 400 computers) have occurred. Indeed, IR has no operations or facilities in Delaware, and accordingly had no computers to remediate there.

A district court may transfer any civil action to any district where the action might have been brought "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Although the Court of Appeals for the Third Circuit has emphasized that "there is no definitive formula or list of factors to consider" in deciding to transfer a case to another district, the Court nevertheless identified two groups of potential factors that it characterized as implicating either private or public interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (ordering transfer). The private interests include (1) plaintiff's forum preference; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the forums; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Id.* The public interests include (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two forums resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the forums; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

As discussed below, the relevant factors weigh in favor of transferring this action to the Central District of California.

4

### B. *The Private And Public Factors Favor Transfer To The Central District of California.*

#### 1. Plaintiff Has No Connection To Delaware.

Of the identified public and private factors, only one favors the plaintiff – the deference sometimes given to the plaintiff's choice of forum. But any weight accorded that factor here is negligible, as the plaintiff is a Pennsylvania limited partnership with an office in Pennsylvania, and no alleged connection to Delaware. (D.I. 1, ¶ 1.) "This minimizes the significance of plaintiff's choice of forum, particularly as most of the relevant events occurred [outside the forum]." *Matt v. Baxter Healthcare Corp.*, 74 F. Supp. 2d 467, 469 (E.D. Pa. 1999). Having no connection to the forum, plaintiff plainly chose it for the illegitimate reason of gaining an unfair tactical advantage unrelated to the merits of the case. *See C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998) (holding deference given to plaintiff's choice of forum applies only if the plaintiff selected the forum for a legitimate reason). "[T]he weaker the connection between the forum and either the plaintiff or the lawsuit, the greater the ability of a defendant to show sufficient inconvenience to warrant transfer." *Assymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 199 (D. Del. 1998) (transferring case to California).

#### 2. IR Cannot Compel Key Witnesses To Testify In Delaware.

On the present record, the most relevant factor is one that heavily weighs in favor of transfer – the key witnesses, two of whom are not even employed by the defendant, live and work approximately 3,000 miles from the forum chosen by the plaintiff. *See Pennwalt Corp. v. Purex Industries, Inc.*, 659 F. Supp. 287, 291 (D. Del. 1986) (transferring case to California where majority of potential nonparty witnesses resided and noting "[i]t is desirable to hold trial at a place where the personal attendance of witnesses through use of the subpoena power can be reasonably assured"), *citing Fogel v. Wolfgang*, 48 F.R.D. 286, 291 (S.D.N.Y. 1969) (transferring case and noting "[f]or purposes of a Section 1404(a) motion, a determination of the location of the majority of

5

material witnesses is of significant importance"). Moreover, "[t]he problem of securing live witnesses is arguably even more acute in cases, such as this one, in which a jury trial has been demanded." *Pennwalt*, 659 F. Supp at 291.

As confirmed by the actual conduct of the trial in the related *Sneed* case, the four testifying witnesses percipient to IR's accused activities are Messrs. Armstrong, Casey, Garcia and Holmes. (Trost Decl. ¶¶ 6, 7.) They are material – they were the software engineers and managers most responsible for IR's Y2K remediation on its IBM mainframe computers. If this action remains in Delaware, however, IR will be unable compel their attendance at trial by subpoena and will be forced to depend on depositions to preserve the testimony of at least the two non-party witnesses (Armstrong and Holmes). As recognized by the Supreme Court, the resulting unfair prejudice to IR is palpable:

> Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511, 67 S. Ct. 839, 844 (1947); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260, 102 S. Ct. 252, 260-1 (1981) (approving, under *Gilbert* analysis, transfer to Scotland where majority of evidence and witnesses were located), *IKOS Sys., Inc. v. Cadence Design Sys., Inc.*, C.A. No. 02-1335-GMS, 2002 WL 31414136, *1 (D. Del. Oct. 21, 2002) (transferring case to California where majority of defendant's engineers and other witnesses resided, even though six potential witnesses resided on the east coast). Should this case remain in Delaware, IR faces potentially insurmountable obstacles in obtaining personal jurisdiction over these highly material third-party witnesses.

### 3. The Remaining Factors Weigh In Favor Of Transfer.

Even were the unavailability of compulsory process for the attendance of its witnesses not a factor, the cost to IR of obtaining the testimony of its witnesses – willing

or otherwise – should this case proceed in Delaware would be excessive.[1] All of IR's evidence and witnesses are located in Southern California, and the burden to IR of transporting them is significant. Not only would IR have to pay the travel costs and expenses for its own employees, but IR would also have to pay for several days' worth of time of two independent consultants to have them available to testify in Delaware – approximately six thousand miles away, round-trip, from their other assignments – as well as their travel costs and expenses. As consultants are typically retained on an hourly basis, these fees would be high. Such costs would be greatly reduced were the case pending in Los Angeles, however, as the consultants would not be prevented from working on other matters except during the actual time of their testimony. *See In re Disaster at Riyadh Airport, Saudi Arabia, on August 19, 1980*, 540 F. Supp. 1141, 1148-49 (D.D.C. 1982) (analyzing cost of obtaining witness testimony and holding case should be litigated in forum closest to the witnesses' domiciles).

Consideration of other potentially relevant factors favors transfer as well:

- Neither party owns or maintains any facilities, personnel or property in Delaware; no acts of infringement are alleged to have occurred here; and no witnesses reside here. Delaware's interest in this litigation, limited to the fact that IR is incorporated here, does not outweigh the burden imposed. *See Gross v. Owen*, 221 F.2d 94, 95 (D.C. Cir. 1955) (affirming trial court's ruling that public interest did not favor maintaining the action because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation").

- The case is in the early stages of litigation, thus no prejudice results to either side if the case is transferred. *See Ricoh Co. v. Aeroflex, Inc.*, 279 F. Supp. 2d 554, 558 (D. Del. 2003) (transferring action to California).

---

[1] Even assuming the third-party witnesses were available to travel to the east coast to testify, such a trip would consume at least three days, as compared to perhaps a half-day commitment to testify in Los Angeles near to where they live.

7

- Plaintiff has no connection to Delaware and its own demand letter notes that it previously litigated these patents in courts in New Jersey and Pennsylvania. (Exhibit A.)
- All the acts giving rise to this action took place in California, where the witnesses and evidence are located, and which has a particular interest in this litigation as IR resides and conducts business there. *See Original Creatine Patent Co. v. Kaizen, Inc.*, C.A. No. 02-471-SLR, 2003 WL 179996, *4 (D. Del. Jan. 22, 2003) (transferring case to California where the California corporate defendant conducted business and hence "that forum has a more particular interest in the litigation than Delaware"); *Teknekron Software Systems, Inc. v. Cornell University*, Civ. No. 93-20122 SW 1993 WL 215024, *7 (N.D. Cal. June 14, 1993) (noting one "fundamental principle" in section 1404(a) analysis is that litigation should proceed where the operative facts took place).

Accordingly, the interests of justice require that the case be litigated in the Central District of California, where all of the non-infringement witnesses live and where all of the alleged infringing acts occurred.

8

## V. CONCLUSION

For all the foregoing reasons, IR respectfully requests the Court to transfer this case to the Central District of California.

                              POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: /s/ Richard L. Horwitz |
|---|---|
| | Richard L. Horwitz (No. 2246) |
| Glenn W. Trost | Kenneth L. Dorsney (No. 3726) |
| Nancy C. Morgan | Hercules Plaza, 6th Floor |
| WHITE & CASE LLP | 1313 N. Market Street |
| 633 West Fifth Street, Suite 1900 | P.O. Box 951 |
| Los Angeles, California 90071 | Wilmington, DE 19801 |
| (213) 620-7700 | (302) 984-6000 |
| gtrost@whitecase.com | rhorwitz@potteranderson.com |
| nmorgan@whitecase.com | kdorsney@potteranderson.com |
| | |
| Dated: March 3, 2006 | *Counsel for Defendant International Rectifier Corporation* |
| 722246/29801 | |

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on March 3, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

I hereby certify that on March 3, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Gary A. Rosen
Patrick Madamba, Jr.
Law Offices of Gary A. Rosen, P.C.
1831 Chestnut Street
Suite 802
Philadelphia, PA  19103
pmadamba@logarpc.com
grosen@logarpc.com

By:  /s/ Richard L. Horwitz
      Richard L. Horwitz
      Kenneth L. Dorsney
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware  19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      kdorsney@potteranderson.com

718549