IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TURN OF THE CENTURY SOLUTION, L.P. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-816 (SLR) |
| | ) | |
| INTERNATIONAL RECTIFIER CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S ANSWERING BRIEF
## IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
        Jack B. Blumenfeld (#1014)
        Maryellen Noreika (#3208)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899-1347
        (302) 658-9200
        jblumenfeld@mnat.com
        *Attorneys for Plaintiff*

OF COUNSEL:

LAW OFFICES OF GARY A. ROSEN, P.C.
Gary A. Rosen
Patrick Madamba, Jr.
1831 Chestnut Street
Suite 802
Philadelphia, PA  19103
(215) 972-0600

March 17, 2006

i.

## TABLE OF CONTENTS

|   | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| NATURE AND STAGE OF PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 1 |
| I.  PLAINTIFF'S CHOICE OF FORUM IS ENTITLED TO SUBSTANTIAL DEFERENCE. | 3 |
| II.  THE RELATIVE FINANCIAL CONDITIONS OF THE PARTIES STRONGLY MILITATE AGAINST TRANSFER. | 6 |
| III.  CONSIDERATIONS OF THE AVAILABILITY OR CONVENIENCE OF WITNESSES DO NOT FAVOR TRANSFER. | 7 |
| IV.  OTHER PERTINENT FACTORS MILITATE AGAINST TRANSFER. | 10 |
| CONCLUSION | 11 |

## TABLE OF CITATIONS

<u>Cases</u>                                                                                                     <u>Page(s)</u>

*Adams v. Crowley*,
    2005 WL 1240181 (D. Del. May 25, 2005)                                                   4

*Affymetrix, Inc. v. Synteni, Inc.*,
    28 F. Supp.2d 192 (D. Del. 1998)                                                          4

*Behring Diagnostics GmbH v. Biosite Diagnostics, Inc.*,
    1998 U.S. Dist. LEXIS 531 (D. Del. Jan. 6, 1998)                                          2, 3, 4, 6

*Burroughs Wellcome Co. v. Giant Food, Inc.*,
    392 F. Supp. 761 (D. Del. 1975)                                                           5

*C.R. Bard, Inc. v. Guidant Corp.*
    997 F. Supp. 556 (D. Del. 1998)                                                           3, 5, 9

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*,
    821 F. Supp. 962 (D. Del. 1993)                                                           6

*IKOS Systems, Inc. v. Cadence Design Systems*
    2002 WL 31414136 (D. Del. 2002)                                                           10, 11

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995)                                                                2

*Kuck v. Veritas Software Corp.*,
    2005 WL 123744 (D. Del. Jan. 14, 2005)                                                    9

*Pennwalt Corporation v. Purex Industries*,
    659 F. Supp. 287 (D. Del. 1986)                                                           4, 8

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
    119 F.3d 1559 (Fed. Cir. 1997)                                                            1

*Scott Paper Co. v. Faucet Queens, Inc.*,
    1987 WL 28488 (D. Del. 1987)                                                              4

*SRU Biosystems, Inc. v. Hobbs*,
    2005 WL 2216889 (D. Del. Sept. 13, 2005)                                                  11

*Textron Innovations, Inc. v. The Toro Co.*,
    2005 WL 2620196 (D. Del. Oct. 14, 2005)                                                   6

*Waste Distillation Technology v. Pan American Resources*
    775 F. Supp. 759 (D. Del. 1991)                                                           3, 5

iii.

| Statutes | Page(s) |
| --- | --- |
| 28 U.S.C. § 1391 | 4 |
| 28 U.S.C. § 1400(b) | 4 |
| 28 U.S.C. § 1404(a) | passim |
| 35 U.S.C. § 102 | 9 |
| 35 U.S.C. § 103 | 9 |
| 35 U.S.C. § 112 | 9 |
| 35 U.S.C. § 261 | 9 |
| 35 U.S.C. § 287 | 9 |

1.

NATURE AND STAGE OF PROCEEDINGS

This patent infringement action was filed on November 29, 2005 by Plaintiff Turn of the Century Solution, L.P. ("TOCS"). On March 3, 2006, Defendant International Rectifier Corporation ("IRC") filed a motion to transfer to the Central District of California. This is TOCS' opposition to that motion.

SUMMARY OF ARGUMENT

IRC has moved under 28 U.S.C. § 1404(a) for transfer of this patent infringement action to the Central District of California "for the convenience of parties and witnesses." On examination, however, it is apparent that IRC's motion is simply a strategic attempt to shift some of the expense and inconvenience that is incident to any litigation from IRC, a publicly-owned manufacturing company with global operations, which chose to incorporate under the laws of Delaware, to the shoulders of Plaintiff TOCS, a small patent licensing firm that is based less than 35 miles from this courthouse. Because IRC has failed to meet the heavy burden to justify disturbing TOCS' choice of forum, its motion should be denied.

STATEMENT OF FACTS

The pertinent facts are set forth in the Argument that follows.

ARGUMENT

Venue in a patent infringement case is a matter of regional circuit law. *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565-66 (Fed. Cir. 1997). The Third Circuit has enumerated the factors to be considered in weighing a request for transfer under § 1404(a):

> While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a).
>
> The private interests have included: plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum),
>
> The public interests have included: the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (citations omitted).

The heavy burden of demonstrating the desirability of transfer lies with the moving party. *See Jumara* at 879; *Behring Diagnostics GmbH v. Biosite Diagnostics, Inc.,* 1998 U.S. Dist. LEXIS 531 (D. Del. Jan. 6, 1998). "Unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Behring Diagnostics* at *8 (emphasis in original) (internal quotations and citations omitted). The court will not grant a transfer merely because a different forum is more convenient for the defendants or if it will simply shift the inconvenience to the other parties. *Waste Distillation Technology v. Pan American Resources*, 775 F. Supp. 759, 764 (D. Del. 1991). The current state of technology makes

3.

it more difficult for defendants to argue that litigating in Delaware is inconvenient for the parties and witnesses. Defendants must prove that litigating in Delaware would pose a "unique or unusual burden" on their operations. *C.R. Bard, Inc. v. Guidant Corp.* 997 F. Supp. 556, 562 (D. Del. 1998) (citations omitted).

In its motion, IRC analyzes only a small subset of the relevant factors, and even as to those its analysis is faulty. Fuller analysis shows that transfer here would do nothing more than shift inconvenience and expense to the party less able to shoulder it.

I.  PLAINTIFF'S CHOICE OF FORUM IS ENTITLED TO SUBSTANTIAL DEFERENCE.

The paramount factor in a § 1404(a) analysis is the plaintiff's choice of a forum. Accordingly, in considering a transfer request, the plaintiff's choice of forum "should not be lightly disturbed." *Behring Diagnostics* at *8 (internal quotations and citations omitted). "The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason." *Adams v. Crowley*, 2005 WL 1240181 (D. Del. May 25, 2005).

IRC, however, suggests that TOCS' choice of forum is entitled to no deference because TOCS "is a Pennsylvania limited partnership with an office in Pennsylvania, and no alleged connection to Delaware." (D.I. 10 at 5.) This geography-denying argument has been consistently rejected by the judges of this Court, who have recognized the reality that for parties situated in the Philadelphia area, Wilmington is "home turf" and their choice of this district as a forum is entitled to the full measure of

4.

deference.[1]  *Pennwalt Corporation v. Purex Industries,* 659 F. Supp. 287, 289-90 (D. Del. 1986); *Scott Paper Co. v. Faucet Queens, Inc.,* 1987 WL 28488 (D. Del. 1987).  Put another way, this Court has consistently treated a plaintiff's geographical proximity as an important "connection" to this District.  *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761, 763 n.4 (D. Del. 1975) ("it is difficult to see why [plaintiff's choice of forum] should not also be given weight when the plaintiff lives in a neighboring state."). Indeed, TOCS' principal place of business in Ambler, Pennsylvania – 33 miles from Wilmington – is closer to this courthouse than are many locations within the District of Delaware.

    IRC goes on to argue that "[h]aving no connection to the forum, plaintiff plainly chose it for the illegitimate reason of gaining an unfair tactical advantage unrelated to the merits of the case."  (D.I. 10 at 5.)  To the contrary, TOCS chose this forum because it is the closest to its home where IRC is unquestionably subject to personal jurisdiction and where venue under 28 U.S.C. § 1391 and § 1400(b) is undeniably proper – there is nothing illegitimate or unfair in this choice.  *C.R. Bard, Inc.*, 997 F. Supp. at 562 ("Bard claims to have chosen Delaware as a forum because it is much closer to Bard's headquarters in New Jersey than California, and thus closer to its own witnesses and documents. Bard also claims to have chosen Delaware on the basis of this court's lighter case load. Each of these reasons have been found by this court to be legitimate and valid reasons for choosing a forum"); *Waste Distillation Technology*, 775

---

[1]  "In the District of Delaware, 'home turf' is defined as the forum closest to the plaintiff's residence or principal place of business which can exercise personal jurisdiction over the defendant at the time that the lawsuit is filed." *Affymetrix, Inc. v. Synteni, Inc.,* 28 F. Supp.2d 192, 198 n.6 (D. Del. 1998).

5.

F. Supp. at 764 ("it is sufficient that the forum is near the plaintiff's principal place of business and/or that it is consistent with the plaintiff's legitimate concerns").

There are other legitimate reasons for this forum choice. In particular, TOCS has previously brought two suits alleging infringement of the same patents in this Court,[2] both of which were settled very early on through the efforts of Magistrate Judge Thynge. *See Behring Diagnostics*, at *12 ("the fact that [plaintiff's] counsel has had previously good experiences with mediation in this district with Magistrate Judge Trostle, cannot be said to be an illegitimate or irrational reason to pick the Delaware forum").[3]

Finally, this Court has made it clear that a defendant's status as a Delaware corporation should "not be disregarded lightly." By incorporating in Delaware, it can be assumed that IRC "desired the benefits it believed Delaware provides to chartered corporations." Having chosen Delaware as its legal home, IRC should not now be heard to complain that another party has decided to sue it there. *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.* 821 F. Supp. 962, 965 (D. Del. 1993); *Textron Innovations, Inc. v. The Toro Co.,* 2005 WL 2620196, at *2 (D. Del. Oct. 14, 2005) ("the fact that Toro is incorporated in Delaware is a rational and legitimate reason for TII

---

[2] *Turn of the Century Solution, L.P. v. Federal Signal Corporation*, C.A. No. 05-158 (SLR); *Turn of the Century Solution, L.P. v. SIG Combibloc, Inc.,* C.A. No. 04-424 (SLR).

[3] IRC suggests that the fact that TOCS has previously also brought suits for infringement of these same patents in New Jersey and Pennsylvania is somehow a factor that favors transfer to California. (D.I. 10 at 8.) Again, IRC ignores immutable geographic reality: Philadelphia, Trenton, Wilmington and Ambler are all encompassed within a geographic circle having a radius of about 30 miles. (Los Angeles, in contrast, lies 2400 miles outside of that circle.) It can hardly be said that TOCS has previously demonstrated either a willingness or ability to litigate far from home.

choosing to sue it in Delaware"). It is ironic that IRC urges this Court to disregard its legal connection to Delaware because of its alleged lack of a geographical connection, at the same time that it ignores TOCS' close geographical connection and argues for transfer based upon its lack of a legal connection to Delaware.

## II.   THE RELATIVE FINANCIAL CONDITIONS OF THE PARTIES STRONGLY MILITATE AGAINST TRANSFER.

IRC simply disregards this factor in its § 1404(a) analysis. It is not hard to understand why: IRC's ability to litigate in Delaware is so patently superior to TOCS' ability to litigate in California that this factor alone should be sufficient to defeat its motion.

IRC's annual report for 2005, an excerpt of which is attached hereto as Exhibit A, states that IRC has over 6000 employees and operations in 20 countries. Its revenues for fiscal 2005 exceeded one billion dollars. Its stock trades on the New York Stock Exchange. Its cash and cash investments at the close of the last fiscal year were $941 million. In addition to California, IRC has major office and manufacturing facilities in Massachusetts, North Carolina, Arizona, Rhode Island and at least 10 foreign countries.

In contrast, TOCS' only business is licensing the patents-in-suit. It has been in existence since the mid-1990's and has never had annual revenues exceeding $500,000. It has no employees, and each of its limited partners is engaged fulltime in other employment or business activities, or is retired. (Exh. B, Amenta Decl., ¶¶ 1-6.)

It is appropriate to take into account this disparity of resources in weighing the balance of conveniences on a motion to transfer. In *Pennwalt Corp v. Purex Industries, Inc.*, upon which IRC relies, for example, the Court granted transfer where the

7.

moving party was "a small company in the process of liquidation and [had] only 16 employees." 659 F. Supp. at 290.

Given the yawning financial chasm between the parties, IRC has likely calculated that transfer to California would deplete TOCS' modest resources and be, for all intents and purposes, outcome determinative. Because IRC plainly has the wherewithal to litigate this case in the district of its incorporation, this factor militates strongly against transfer.

### III. CONSIDERATIONS OF THE AVAILABILITY OR CONVENIENCE OF WITNESSES DO NOT FAVOR TRANSFER.

IRC's main argument in favor of transfer is its contention that "the key witnesses, two of whom are not even employed by the defendant, live and work approximately 3000 miles from the forum chosen by plaintiff." (D.I. 10 at 5.) IRC fails, however, to establish that the potential witnesses that it identifies are indeed "key" witnesses, much less that they are "*the* key" witnesses to the exclusion of other potential "key" witnesses. In fact, as might be expected in a case where the parties are situated on opposite sides of the country, no matter where the case is litigated some witnesses will be inconvenienced.

IRC identifies four witnesses who testified on its behalf in a breach of contract case involving its Year 2000 software remediation (the subject matter of the patents-in-suit) in California state court. According to IRC, "they will also be the witnesses who are percipient to the facts showing non-infringement in this case." (D.I. 10 at 2.) Whatever may have been the importance of their testimony in the California breach of contract case, however, where the issue in dispute was evidently whether IRC

-
-
-

8.

wrongfully used technology that it received under a Non-Disclosure Agreement, it is most unlikely that their testimony will be "key" in this patent infringement case. As in most patent cases, and in particular patent cases involving software-implemented inventions, the issue of infringement is more likely to turn on the purely legal issue of claim construction, as applied to an accused system the features of which are not in dispute, rather than on resolution of any factual dispute between percipient witnesses over what the accused system is or does. Indeed, because TOCS bears the burden of proving infringement, to the extent percipient witnesses are needed on the issue, their lack of proximity could be more prejudicial to TOCS than to IRC.

Moreover, IRC has not shown that any of the named witnesses is *unwilling* to come to Delaware to testify; it argues only that it would be inconvenient or expensive for them to do so. "Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place in Delaware is the trial. The travel expenses and inconveniences incurred for that purpose, by a Delaware defendant conducting world-wide business, is not overly burdensome." *Kuck v. Veritas Software Corp.*, 2005 WL 123744, at *3 (D. Del. Jan. 14, 2005). Although IRC's papers are not entirely clear on the point, it appears that only one of the four named witnesses is a current IRC employee. Thus, IRC has not shown that litigating in Delaware would pose a "unique or unusual burden" on their operations. *C.R. Bard, Inc,.* 997 F. Supp. at 562.

Infringement *vel non,* in any event, is just one of many issues to be litigated in this case. In addition to the issue of damages, on which TOCS also has the burden of proof, IRC has asserted a host of affirmative defenses, including invalidity

9.

under 35 U.S.C. §§ 102, 103 and 112, lack of standing, failure to comply with 35 U.S.C. § 261 (invalid assignments), and failure to comply with 35 U.S.C. § 287 (patent marking). IRC also hints that it may challenge the enforceability of the patents-in-suit, and therefore presumably intends to take discovery to support a charge of inequitable conduct.

As to all of these issues, the probable "percipient" witnesses will be the inventor, Harvey Alter, the officers of TOCS' corporate general partner, its outside financial professionals in Malvern, Pennsylvania, and the attorneys involved in the prosecution of the patents-in-suit from the Philadelphia law firm of Woodcock Washburn. Indeed, these categories of witnesses might be called the patent litigation equivalent of "The Usual Suspects," so common is it for their testimony to be the focus of both discovery and trial. To the extent subpoenas may be necessary for any of these witnesses or their documents, all of them are within the subpoena power of this Court. (Exh. B, Amenta Decl., ¶¶ 2-8.)

IRC relies upon *IKOS Systems, Inc. v. Cadence Design Systems*, 2002 WL 31414136, at *1 (D. Del. 2002), a case which was transferred to the Northern District of California notwithstanding that six potential witnesses "reside[d] on the east coast." In *IKOS*, however, not only was it shown that the *majority* of potential witnesses were in the Northern District of California, in granting transfer the Court emphasized several other factors not present here: both parties were headquartered in the transferee district, both parties were large international organizations with substantial assets, and both parties maintained geographically diverse operating locations.

IV.   OTHER PERTINENT FACTORS MILITATE AGAINST TRANSFER.

IRC is correct that it is appropriate to consider "where the operative facts took place" on a motion for transfer. (D.I. 10 at 8.) It is wrong, however, to assert that the "operative facts" in this case took place exclusively in California, even assuming that is where all infringing activity took place. Virtually all inventive and commercial activity relating to the patents-in-suit, as well as all patent prosecution work, took place in southeastern Pennsylvania. As set forth above, in light of the affirmative defenses that IRC has raised, these too are "operative facts" that will be as intensively litigated, if not more intensively litigated, as infringement.

IRC is also wrong to suggest that Delaware has no interest in this litigation. This court has quite recently re-affirmed that Delaware's interest in litigation involving companies that are incorporated here is a factor militating against transfer. *SRU Biosystems, Inc. v. Hobbs,* 2005 WL 2216889 (D. Del. Sept. 13, 2005).

11.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
  *Attorneys for Plaintiff*

OF COUNSEL:

LAW OFFICES OF GARY A. ROSEN, P.C.
Gary A. Rosen
Patrick Madamba, Jr.
1831 Chestnut Street
Suite 802
Philadelphia, PA  19103
(215) 972-0600


March 17, 2006

CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on March 17, 2006 I electronically filed the foregoing, which will send notification of such filing(s) to the following:

>Richard Horwitz
>Kenneth L. Dorsney
>POTTER ANDERSON & CORROON LLP

and I further certify that copies were caused to be served upon the following in the manner indicated:

**HAND DELIVERY**

>Richard Horwitz
>Kenneth L. Dorsney
>POTTER ANDERSON & CORROON LLP
>1313 N. Market Street
>P.O. Box 951
>Wilmington, DE  19899

**FEDERAL EXPRESS**

>Glenn W. Trost
>WHITE & CASE LLP
>633 West Fifth Street, Suite 1900
>Los Angeles, CA  90071

>*/s/ Jack B. Blumenfeld*
>Jack B. Blumenfeld (#1014)
>jblumenfeld@mnat.com