IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TURN OF THE CENTURY SOLUTION, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-816-SLR |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| INTERNATIONAL RECTIFIER CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## REPLY BRIEF OF DEFENDANT INTERNATIONAL RECTIFIER CORPORATION IN SUPPORT OF ITS MOTION TO TRANSFER

OF COUNSEL:

Glenn W. Trost
Nancy C. Morgan
WHITE & CASE LLP
633 West Fifth Street, Suite 1900
Los Angeles, California  90071
(213) 620-7700
gtrost@whitecase.com
nmorgan@whitecase.com

Dated:  March 31, 2006

Richard L. Horwitz (No. 2246)
Kenneth L. Dorsney (No. 3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Counsel for Defendant International Rectifier Corporation*

## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................. 1

II.   LEGAL ARGUMENT ..................................................................................... 1

      A.    The Case Should Be Litigated Where The Key Witnesses Are
           Available For Trial ........................................................................................ 1

      B.    The Weight Afforded Plaintiff's Choice of Forum Is Reduced
           When The Cause Of Action Arose Elsewhere .............................................. 4

III.  CONCLUSION ................................................................................................ 7

## TABLE OF AUTHORITIES

**Cases**

*A Slice of Pie Productions, LLC v. Wayans Bros. Entertainment,*
   392 F. Supp. 2d 297 (D. Conn. 2005)...................................................................... 2

*Acterna v. Adtech, Inc.,*
   129 F. Supp. 2d 936 (E.D. Va. 2001) ...................................................................... 5

*Adams v. Crowley,*
   C.A. No. 04-1565-SLR, 2005 WL 1240181 (D. Del. May 25, 2005) ..................... 6

*AEC One Stop Group, Inc. v. CD Listening Bar, Inc.,*
   326 F. Supp. 2d 525 (S.D.N.Y. 2004) ..................................................................... 2

*Affymetrix, Inc. v. Synteni, Inc.,*
   28 F. Supp. 2d 192 (D. Del. 1998) ...................................................................... 2, 4

*Agilent Technologies, Inc. v. Micromuse, Inc.,*
   316 F. Supp. 2d 322 (E.D. Va. 2004) ...................................................................... 5

*Allergan, Inc. v. Alcon Labs.,*
   C.A. No. 02-1682-GMS, 2003 WL 473380 (D. Del. Feb. 25, 2003) ..................... 7

*Amazon.com v. Cendant Corp.,*
   404 F. Supp. 2d 1256 (W.D. Wash. 2005) ........................................................... 2, 6

*Bering Diagnostics GmbH v. Biosite Diagnostics, Inc.,*
   C.A. No. 97-501-MMS, 1998 WL 24354 (D. Del. Jan. 6, 1998)............................. 6

*Clopay Corp. v. Newell Cos.,*
   527 F. Supp. 733 (D. Del. 1981) .............................................................................. 4

*Critikon, Inc. v. Becton Dickinson Vascular Access,*
   821 F.Supp. 962 (D. Del 1993) ............................................................................... 6

*Evco Tech & Dev. Co. v. Precision Shooting Equipment, Inc.,*
   379 F. Supp. 2d 728 (E.D. Pa. 2005)....................................................................... 5

*Filmtec Corp. v. Allied-Signal, Inc.,*
   C.A. BNo. 88-225-JRR, 1989 WL 201603 (D. Del. June 1, 1989)......................... 7

*Fuji Photo Film Co. v. Lexar Media, Inc.,*
   2006 WL 360375 (S.D.N.Y. Feb. 14, 2006) ........................................................... 5

*Gulf Oil Corp. v. Gilbert,*
   330 U.S. 501, 67 S. Ct. 839 (1947) ......................................................................... 3

*Jumara v. State Farm Ins. Co.,*
   55 F.3d 873 (3d Cir. 1995) ....................................................................................... 1

*Kuck v. Veritas Software Corp.,*
  C.A. No. 04-831-SLR, 2005 WL 123744 (D. Del. Jan. 14, 2005) ..................................... 2

*Pennwalt Corp. v. Purex Industries, Inc.,*
  659 F. Supp. 287 (D. Del. 1986) ..................................... 3

*Piper Aircraft Co. v. Reyno,*
  454 U.S. 235, 102 S. Ct. 252 (1981) ..................................... 3

*Spiegelberg v. Collegiate Licensing Co.,*
  402 F. Supp. 2d 786 (S.D. Tex 2005) ..................................... 6

*Sutton v. Rehtmeyer Design Co.,*
  114 F. Supp. 2d 46 (D. Conn. 2000) ..................................... 2

*Textron Innovations, Inc., v. Toro Co.,*
  C.A. No. 05-486-GMS, 2005 WL 2620196 (D. Del. Oct. 14, 2005) ..................................... 6

*Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.,*
  408 F. Supp. 2d 358 (E.D. Mich. 2005) ..................................... 2

## I.    INTRODUCTION

Defendant International Rectifier Corporation ("IR") has moved the Court to transfer this patent infringement action to the Central District of California where IR's principal place of business is, where 100% of the allegedly infringing acts took place, and where IR can compel the testimony of two critical witnesses. As the primary ground for opposing IR's motion, plaintiff Turn of the Century Solution, L.P. ("TOCS"), a Pennsylvania partnership, argues that the case should stay here because its choice of forum deserves substantial deference. Under the law, however, plaintiff's choice is not singularly determinative and does not trump the Supreme Court's mandate that a defendant not be forced to litigate where its key witnesses cannot be compelled to testify at trial. The present motion should be granted because IR has met its burden of proving that the interests of justice and the convenience of the parties warrant transfer.

## II.    LEGAL ARGUMENT

### A.    *The Case Should Be Litigated Where The Key Witnesses Are Available For Trial.*

The Third Circuit has set forth twelve factors[1] for a court to consider when deciding a motion to transfer under 28 U.S.C. § 1404(a), several of which go to the convenience and availability of witnesses. Some courts have held that "[t]he

---

[1] These factors are (1) plaintiff's forum preference; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the forums; (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum); (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious or inexpensive; (9) the relative administrative difficulty in the two forums resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the forums; and (12) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) The parties appear to agree that the ninth, eleventh, and twelfth factors are not at issue in this case.

convenience of party and nonparty witnesses is usually the most important consideration in deciding a motion to transfer venue." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 529 (S.D.N.Y. 2004) (transferring case where none of the potential witnesses resided in New York); *Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.*, 408 F. Supp. 2d 358, 361 (E.D. Mich. 2005) ("Witness convenience is one of the most important factors under § 1404"); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) (transferring case because convenience of non-party witnesses was "the more important factor"); *A Slice of Pie Productions, LLC v. Wayans Bros. Entertainment*, 392 F.Supp. 2d 297, 308 (D. Conn. 2005) ("The convenience of the witnesses, especially non-party witnesses, is '[t]he single most important factor' in a § 1404(a) motion to transfer"), citing *Sutton v. Rehtmeyer Design Co.*, 114 F. Supp. 2d 46, 50 (D. Conn. 2000) (transferring case to Illinois where at issue acts took place and where defendant's employees involved in those acts lived).

IR's motion to transfer established that *all* of its key witnesses reside nearly 3,000 miles away in California. "Fact witnesses who possess first-hand knowledge of the events giving rise to the lawsuit ... have traditionally weighed quite heavily in the 'balance of convenience' analysis." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). In its motion papers, IR specifically identified its critical witnesses and their proposed testimony. Unlike the defendant in the case cited by plaintiff,[2] IR could do this with complete certainty because IR already went to trial on the facts giving rise to this lawsuit – namely, how IR remediated its computers. Two of the witnesses in the prior California action (Greg Holmes and Niel Armstrong) are not employed by IR or otherwise affiliated with the company. Without access to compulsory process, IR cannot compel Messrs. Holmes and Armstrong to testify at trial, a practice against which the

---

[2] *Kuck v. Veritas Software Corp.*, C.A. No. 04-831-SLR, 2005 WL 123744 (D. Del. Jan. 14, 2005).

Supreme Court and this Court have cautioned. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511, 67 S. Ct. 839, 844 (1947); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260, 102 S. Ct. 252, 260-1 (1981); *Pennwalt Corp. v. Purex Industries, Inc.*, 659 F. Supp. 287, 291 (D. Del. 1986). Litigation in California would also be more convenient for IR's employee witnesses, Joaquin Garcia and Chris Casey. Messrs. Casey and Garcia are engineers living in southern California, and their testimony is material. Mr. Casey will testify about the details of IR's remediation technique and the conversion schedule for IR's remediated computers; Mr. Garcia will testify that IR implemented a public-domain remediation technique. The factors going to witness convenience and availability accordingly weigh strongly in favor of transfer.

In opposition, Plaintiff claims no weight should be afforded to these factors because (1) the prior California action was a contract case, not a patent case, (2) IR has not shown that its witnesses were unwilling to come to Delaware, and (3) plaintiff's potential witnesses are in Pennsylvania. We address each of these in turn.

First, Plaintiff's distinction about the two lawsuits is meaningless. Both lawsuits were predicated on the same event: IR's computer remediation to avoid Y2K problems. The California plaintiff claimed IR's remediation breached a contract; TOCS claims it constitutes patent infringement. Regardless of the label given the cause of action, the historical facts – and the testimony by IR's knowledgeable witnesses about those facts – remain the same. IR's motion established that Mr. Armstrong testified in the previous trial about his reasons for choosing a remediation method, IR's relevant decision-making process, and the Y2K remediation technique ultimately implemented by IR. As the decision-maker, only Mr. Armstrong can testify concerning the reasons for his decision. Greg Holmes was never an IR employee, but rather was an outside consultant who worked on the Y2K remediation project in El Segundo, California. Mr. Holmes was

3

subpoenaed and testified in the California action that IR implemented a public-domain remediation technique. Their testimony is critical to IR's defense.

Moreover, even assuming these witnesses were *willing* to travel to Delaware to testify, it cannot be said that they will be *able* to do so. Requiring a non-party witness to travel across the country and spend three or more days away from his home and work is a substantial burden – a burden Mr. Armstrong's and Mr. Holmes' schedules and present employers may not permit. Were this case transferred to California, the burden on the non-party witnesses would be a matter of hours rather than days, with a commensurate reduction in the resulting burden.

Second, in arguing that the convenience/availability factors do not favor transfer, plaintiff speculates about five *potential* witnesses under its control who are located in Pennsylvania. Three of them are principals of the plaintiff, and as such "carry no weight" in the balance of convenience factor. *Affymetrix*, 28 F. Supp. 2d at 203. Two of the three principals of the plaintiff are retired – if anyone has time to travel to California, they do. Plaintiff did not indicate what their testimony will cover or why they are witnesses at all, let alone material ones. Plaintiff also notes that its accountants and patent attorneys are in Pennsylvania, but similarly neglects to identify the nature, substance or necessity of their proposed testimony. If they are being offered for expert testimony, that fact too is afforded "little weight." *Affymetrix*, 28 F. Supp.2d at 203.

**B.    *The Weight Afforded Plaintiff's Choice of Forum Is Reduced When The Cause Of Action Arose Elsewhere.***

Plaintiff devotes more than one third of its opposition brief to the first factor, its forum preference. While plaintiff's choice is indeed afforded some weight, it is not by itself conclusive. "The preference in favor of plaintiffs' choice of forum is not adopted blindly or without reason." *Clopay Corp. v. Newell Cos.*, 527 F. Supp. 733, 736 (D. Del. 1981). While Plaintiff seeks to benefit itself of the "home turf" rule, plaintiff by all

appearances exists only on paper. It has no employees, no offices, and has not conducted business other than litigating its patent. In such circumstances, "the general rule affording considerable weight to the plaintiff's choice of forum is less applicable here in light of [plaintiff's] lack of established business activities in [the forum state]." *Evco Tech & Dev. Co. v. Precision Shooting Equipment, Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005) (transferring case).

Plaintiff also misses IR's point, which was that by suing IR 3,000 miles from its place of business and where IR cannot subpoena its material witnesses, and by demanding a settlement amount clearly driven by the cost of defense, plaintiff is using the purely procedural issue of its choice of forum to force IR to settle the case for nuisance value rather than litigate it on the merits.

Indeed, plaintiff itself confirms as much when it complains that it lacks the resources to litigate in California. This is another way of saying that it will only seek to enforce its patents against defendants who can be sued in its home state of Pennsylvania or another nearby forum such as Delaware. But plaintiff holds a United States patent, not a Delaware patent, and the acts of infringement – and a resulting infringement suit – can occur anywhere in the country. Indeed, "[t]he preferred forum in patent infringement cases is generally 'the center of the accused activity,' which is often where the offending device is produced." *Agilent Technologies, Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 327 n.3 (E.D. Va. 2004) (finding plaintiff's choice of forum was not entitled to substantial weight when sole connection to forum was that allegedly infringing device was sold there and noting that preferred forum for patent infringement cases is where majority of witnesses and evidence is located), citing *Acterna v. Adtech, Inc.*, 129 F. Supp. 2d 936, 939 (E.D. Va. 2001) (transferring case to Hawaii where the "central issues concerning the alleged patent infringement" occurred); *Fuji Photo Film Co. v. Lexar Media, Inc.*, 2006 WL 360375 (S.D.N.Y. Feb. 14, 2006) (transferring case to California

5

where allegedly infringing products were designed, developed and produced); *Amazon.com*, 404 F. Supp. 2d at 1260 (transferring patent infringement action to "preferred forum...that which is the center of gravity of the accused activity" and noting "[w]here the action has little connection with the chosen forum, less deference is accorded plaintiff's choice"); *see also, Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 792 (S.D. Tex 2005) (transferring trademark infringement case because "intellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions") (internal cite omitted).

In the cases cited by plaintiff, the connections to Delaware were much more substantial than those presented here. In *Textron Innovations, Inc., v. Toro Co.*, C.A. No. 05-486-GMS, 2005 WL 2620196 *2 (D. Del. Oct. 14, 2005), the court declined to transfer the case where the defendant was incorporated in Delaware *where it had previously chosen to litigate its own claims against the plaintiff.* In contrast, IR has never sued TOCS. Similarly, in *Adams v. Crowley*, C.A. No. 04-1565-SLR, 2005 WL 1240181 (D. Del. May 25, 2005), the defendant had filed for bankruptcy in Delaware and the plaintiff was the trustee. In *Bering Diagnostics GmbH v. Biosite Diagnostics, Inc.*, C.A. No. 97-501-MMS, 1998 WL 24354 (D. Del. Jan. 6, 1998), the defendant had 1,000 employees and 25 sales and service offices in Delaware where the allegedly infringing acts took place. IR has none – no office and no employees in Delaware. In *Critikon, Inc. v. Becton Dickinson Vascular Access*, 821 F. Supp. 962 (D. Del. 1993), the court simply found that Delaware was a preferable forum because it was centrally located to plaintiff's three facilities and more convenient to the fact witnesses.

While Delaware has an interest in litigation involving companies that are incorporated here, this Court has transferred lawsuits where both parties were Delaware

6

entities. *See, e.g., Filmtec Corp. v. Allied-Signal, Inc.*, C.A. No. 88-225-JRR, 1989 WL 201603 (D. Del. June 1, 1989) (transferring case to California where witnesses were located and alleged acts of patent infringement took place); *Allergan, Inc. v. Alcon Labs.*, C.A. No. 02-1682-GMS, 2003 WL 473380 *2 (D. Del. Feb. 25, 2003) (transferring case and noting "while the plaintiffs and several of the defendants are Delaware entities, and should reasonably expect to litigate in the forum, there is little connection between Delaware and this action or the parties").

Plaintiff defends its choice as rational and legitimate because IR is incorporated in Delaware and Magistrate Judge Thynge of this Court has been an effective mediator in plaintiff's two prior lawsuits on its patent. Those are certainly factors for this Court to consider, but by themselves they do not outweigh the burden to IR of trying this case without its witnesses.

## III.   CONCLUSION

For the foregoing reasons, IR respectfully urges the Court to transfer this case to the Central District of California.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Glenn W. Trost
Nancy C. Morgan
WHITE & CASE LLP
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
(213) 620-7700
gtrost@whitecase.com
nmorgan@whitecase.com

Dated: March 31, 2006
726247

By:    /s/ Richard L. Horwitz
       Richard L. Horwitz (No. 2246)
       Kenneth L. Dorsney (No. 3726)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       P.O. Box 951
       Wilmington, DE 19801
       (302) 984-6000
       rhorwitz@potteranderson.com
       kdorsney@potteranderson.com

*Counsel for Defendant International Rectifier Corporation*

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on March 31, 2006, the attached document was

hand delivered to the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing(s) to the following and the document

is available for viewing and downloading from CM/ECF:

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899


I hereby certify that on March 31, 2006, I have Electronically Mailed the documents to

the following non-registered participants:

Gary A. Rosen
Patrick Madamba, Jr.
Law Offices of Gary A. Rosen, P.C.
1831 Chestnut Street
Suite 802
Philadelphia, PA 19103
pmadamba@logarpc.com
grosen@logarpc.com


By: /s/ Richard L. Horwitz
    Richard L. Horwitz
    Kenneth L. Dorsney
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    kdorsney@potteranderson.com

718549