IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TURN OF THE CENTURY SOLUTION, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 05-816-SLR |
| INTERNATIONAL RECTIFIER CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 15th day of June, 2006, having considered defendant's motion to transfer and the papers submitted in connection therewith;

IT IS ORDERED that said motion to transfer (D.I. 9) is denied, for the reasons that follow:

1. **Introduction.** On November 29, 2005, plaintiff Turn of the Century Solution, L.P. ("TOCS") filed a complaint for patent infringement against defendant International Rectifier Corporation ("IRC"). (D.I. 1) The patents-in-suit are U.S. Patent No. 5,600,836 and U.S. Patent No. 5,835,909 (collectively "patents-in-suit"). (Id.) TOCS contends that IRC conceded infringement of the patents-in-suit during its defense of a 2004 California state breach of contract case.[1] IRC filed an answer

---

[1] <u>Anthony Sneed v. Niel Armstrong and International Rectifier Corporation</u>, Los Angeles Superior Court Case No. BC 296142.

and asserted several affirmative defenses. (D.I. 6) IRC then filed this motion to transfer to the Central District of California. (D.I. 9, 10) TOCS opposes the motion (D.I. 12) and IRC has filed its reply. (D.I. 14)

2. **Background.** TOCS is a Pennsylvania limited partnership with its principal place of business in Ambler, Pennsylvania. (D.I. 1 at ¶ 1) It has no employees and its annual revenue has never exceeded $500,000 during its decade of existence. (D.I. 12 at 6)

3. IRC is a Delaware corporation with its principal place of business in El Segundo, California. (D.I. 1 at ¶ 2) IRC has 6,000 employees in twenty countries and at least four states and had a revenue of over one billion dollars in fiscal 2005. (D.I. 12 at 6) IRC does not have any offices or employees in Delaware. (D.I. 10 at 1)

4. In 2004, IRC was sued for breach of a Non-Disclosure Agreement by Anthony Sneed for its purported use of Sneed's Y2K remediation. (D.I. 11 at 2) IRC defended the Sneed case by showing that the Y2K remediation it used was a technique previously described in the patents-in-suit. (Id.) TOCS alleges that IRC's description of its Y2K remediation technique during its defense of the Sneed case was a concession to infringing on the patents-in-suit. IRC indicates that its four witnesses to testify in the Sneed case regarding its Y2K remediation technique

are also "percipient to the facts showing non-infringement in this case." (Id.) All four witnesses currently reside in California, and only two of the four are currently IRC employees. (Id. at 2-3)

5. **Standard of Review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998).

6. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". ADE Corp. v. KLA-Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001); Shutte, 431 F.2d at 25.

7. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. <u>C.R. Bard, Inc. v. Guidant Corp.</u>, 997 F. Supp. 556, 562 (D. Del 1998); <u>Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.</u>, 2001 WL 1617186 (D. Del. Nov. 28, 2001); <u>Continental Cas. Co. v. American Home Assurance Co.</u>, 61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." <u>In re M.L.-Lee Acquisition Fund II, L.P.</u>, 816 F. Supp. 973, 976 (D. Del. 1993).

8. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," <u>id.</u>, the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the

parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted).

9. The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

10. **Discussion.** IRC asserts that the most compelling reason to transfer the case is that its four key witnesses reside in California, and two of the four are third-party witnesses not within the subpoena power of the court. (D.I. 10 at 5) IRC further argues that its burden and expense would be greatly reduced by litigating in California, where the witnesses and evidence are located and where the alleged infringement occurred. (Id. at 7) IRC also contends that plaintiff's choice of forum should be given little deference because plaintiff has "no alleged connection to Delaware." (Id. at 5)

11.  TOCS opposes the motion to transfer on several grounds. TOCS first points out that its principal place of business is only 33 miles from Wilmington, Delaware in Ambler, Pennsylvania, so its choice of forum should be afforded deference because Delaware is considered its "home turf." (D.I. 12 at 4)  TOCS contends that it had legitimate reasons to file suit in Delaware based on its geographic proximity and past experiences with this jurisdiction. (Id. at 4-5)  Further, since IRC is a Delaware corporation enjoying all the benefits and protections of this state's laws, it cannot credibly contend that litigation in the state is inconvenient. (Id. at 5)

12.  Weighing the arguments against the Jumara balancing test, the court finds that the asserted advantages of moving the case to the Central District of California are insufficient to warrant a transfer.  Defendant's complaints about litigating here are outweighed by the fact that IRC has enjoyed the benefits and protections of incorporation in Delaware and that the state has an interest in litigation regarding companies incorporated within its jurisdiction.

13.  IRC has demonstrated that it would be more costly and more inconvenient for its four main witnesses from the Sneed case to provide testimony in Delaware.  Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place in Delaware is the

trial. The travel expenses and inconveniences incurred for that purpose, by a Delaware defendant conducting world-wide business, is not overly burdensome. Regarding IRC's two witnesses outside of the court's subpoena power, IRC has not attempted to show that either would be unwilling to travel to Delaware to testify. Rather, IRC merely speculates that the time required for cross-country travel would be too burdensome for these two witnesses to be able to testify in Delaware.[2] (D.I. 14 at 4)

14. IRC devotes much of its argument to showing why the plaintiff's choice of forum should be given little or no deference by the court. IRC first downplays the significance of the court's "home turf" rule and then contends that the location of the alleged infringement is the preferred forum for litigation. (D.I. 14 at 4-6) In doing so, IRC relies almost exclusively on cases outside this jurisdiction while ignoring the case law within this jurisdiction that gives great deference to the plaintiff's choice of forum. See, e.g., C.R. Bard, Inc., 997 F. Supp. at 562.

---

[2] From a practical standpoint, much of the testimony presented at trial these days is presented via recorded depositions, as opposed to witnesses traveling and appearing live. There certainly is no obstacle to IRC's embracing this routine trial practice.

15. **Conclusion.** For the reasons stated, defendant's motion to transfer (D.I. 9) is denied.

_____
United States District Judge